Filed 10/19/17 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS D. BONA,<br><br>    Defendant and Appellant. | 2d Crim. No. B277751<br>(Super. Ct. No. 16PT-00428)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING; NO CHANGE<br>IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on September 20, 2017, be modified as follows:

On page 9, at the end of the first paragraph, the following is added as footnote 6:

For the first time on appeal, appellant contends the People failed to comply with rule 3.1332 of the California Rules of Court (rule 3.1332), which governs the granting of continuances in "civil cases" in which a date has been "set for trial." This contention is forfeited because it was not raised below. In any event, appellant fails to demonstrate that rule 3.1332 applies to MDO proceedings, which are brought under the Penal Code. His

objections to the continuances were expressly based upon his right to have his petition heard within 60 days of its filing, as provided in section 2996(b).  Moreover, he was only aggrieved by the continuances to the extent they violated that right.

Because a new footnote 6 is being added, all subsequent footnotes in the opinion must be renumbered accordingly.

There is no change in the judgment.  Appellant's petition for rehearing is denied.

Filed 9/20/17 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B277751 |
| Plaintiff and Respondent, | (Super. Ct. No. 16PT-00428) |
| | (San Luis Obispo County) |
| v. | |
| THOMAS D. BONA, | |
| Defendant and Appellant. | |

As a condition of his parole, Thomas D. Bona was committed to the State Department of Hospitals for treatment as a mentally disordered offender (MDO) (Pen. Code,[1] § 2962). The trial court ordered the commitment after it denied Bona's petition challenging the Board of Parole Hearings' (BPH) determination that he met the MDO criteria. (§ 2966, subd. (b), hereinafter § 2966(b).) Bona appeals, contending that (1) the court abused its discretion in continuing the hearing on his petition beyond the 60-day period set forth in section 2966(b); and (2) his trial

---

[1] All statutory references are to the Penal Code unless stated otherwise.

attorney provided ineffective assistance of counsel by failing to (a) seek writ review from the orders granting the continuances, and (b) raise a *Sanchez*[2] objection to case-specific hearsay expert testimony offered at the hearing.

We conclude that the 60-day timeline set forth in section 2966(b) is directory rather than mandatory and that Bona was not prejudiced by the continuance of his hearing a week beyond that timeline.  We also reject Bona's claims of ineffective assistance of counsel.  His first claim is forfeited and in any event fails for lack of prejudice.  Although *Sanchez* applies in MDO proceedings to the extent it clarifies the admissibility of expert testimony under the Evidence Code, Bona fails to show that his attorney could have had no legitimate tactical reason for declining to make a *Sanchez* objection here.  He also fails to show it is reasonably probable that such an objection would have led to a more favorable result.  Accordingly, we affirm.

### FACTS AND PROCEDURAL HISTORY

Bona was convicted of elder abuse (§ 368, subd. (b)(1)) and sentenced to four years in state prison.  In February 2016, the BPH determined that Bona met the MDO criteria and sustained the requirement of treatment as a condition of his parole.  Bona petitioned for the appointment of counsel and a hearing (§ 2966(b)) and waived his right to a jury.

Psychologist Meghan Brannick testified as the prosecution's expert at the hearing.  Dr. Brannick interviewed Bona, reviewed his medical records and legal history, and spoke to his treating psychologist and psychiatrist.  Based on this information, Dr. Brannick concluded that Bona suffers from a

---

[2] *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*).

2

severe mental disorder, i.e., schizophrenia.  His symptoms of the disorder included auditory hallucinations, paranoia, delusional and disorganized thought processes, depressed mood, flat affect, sleep disturbance, and agitation.

Dr. Brannick opined that Bona's schizophrenia was an aggravating factor in his commitment offense, was not in remission as of the date of the BPH hearing, and could not be kept in remission without treatment.  At the time of the offense, Bona had a longstanding history of psychotic behavior and had not taken his prescribed medications for about a month.  Shortly before the offense, he was heard talking to himself about killing; after the offense, he could not recall what he had done.  He exhibited multiple psychotic symptoms during the months preceding the BPH hearing and required an involuntary medication order.

Dr. Brannick also opined that Bona represented a substantial danger of physical harm to others by reason of his mental disorder.  The doctor noted Bona's history of violent behavior when he is symptomatic, a prior incident when he discharged a firearm while he was not taking his medication, two prison rules violations that were related to his mental disorder, his lack of an acceptable discharge plan, and his lack of insight into his disorder.

Chico Police Sergeant Scott Harris testified regarding the facts of Bona's commitment offense.  On August 27, 2012, Sergeant Harris responded to a report of an assault at a store.  The sergeant spoke with the victim, who had a laceration under one of his eyes and a bruised nose.  The victim subsequently identified Bona as his assailant.  Bona told Sergeant Harris that

3

he went to the store to buy a CD and that he recalled "punching" a CD rather than a person.

## DISCUSSION

### *Continuances*

Over Bona's objection, the trial court continued his MDO hearing one day beyond the 60-day period set forth in section 2966(b).[3] The court subsequently granted an additional six-day continuance. The prosecutor purported to show good cause for the continuances by offering that she needed the additional time to present Sergeant Harris's testimony regarding the facts of Bona's commitment offense, as contemplated in *People v. Stevens* (2015) 62 Cal.4th 325 (*Stevens*).[4] Bona contends that both continuances were an abuse of discretion. In a supplemental

---

[3] Section 2966(b) states in pertinent part: "A prisoner who disagrees with the determination of the [BPH] that he or she meets the criteria of Section 2962, may file in the superior court . . . a petition for a hearing on whether he or she, as of the date of the [BPH] hearing, met the criteria of Section 2962. The court shall conduct a hearing on the petition within 60 calendar days after the petition is filed, unless either time is waived by the petitioner or his or her counsel, or good cause is shown[.]"

[4] In *Stevens*, our Supreme Court held that "proof of a qualifying conviction under the MDO Act is based on facts rather than on defendant's psychological condition, and thus does not call for a mental health expert's opinion testimony." (*Stevens, supra*, 62 Cal.4th at p. 336.) In light of this holding, the prosecution must now offer eyewitness testimony or other admissible documentary evidence to prove a commitment offense involved the actual or implied force or violence, as contemplated in section 2962, subdivisions (e)(2)(P) and (e)(2)(Q). (*Ibid.*)

brief, he further contends that his trial counsel provided ineffective assistance by failing to seek writ relief from the challenged continuances.

Bona's ineffective assistance claim is forfeited because it was not raised in the opening brief. (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218-1219.) In any event, the claim lacks merit.

"When challenging a conviction on grounds of ineffective assistance, the defendant must demonstrate counsel's inadequacy. To satisfy this burden, the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*People v. Hung Thanh Mai* (2013) 57 Cal.4th 986, 1009 (*Hung Thanh Mai*).)

"[I]t is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding. [Citations.]" (*Hung Thanh Mai*, *supra*, 57 Cal.4th at p. 1009.)

5

Bona's claim of ineffective assistance is based on the premise that the standard of review would have been more favorable to him—i.e., no showing of prejudice would have been necessary—had counsel sought pretrial writ relief from the challenged continuances. The case he offers as support for this premise analogizes the "speedy trial" rights of a minor who is the subject of a wardship petition under Welfare and Institutions Code section 601 or 602 with a criminal defendant's statutory right to a speedy trial under section 1382. (*In re Chuong D.* (2006) 135 Cal.App.4th 1303, 1309-1310 (*Chuong D.*))[5]

An analogy to section 1382 is inapt here. That section states that a felony case "shall . . . be dismissed" when the defendant has not been brought to trial within 60 days of arraignment. (*Id.*, subd. (a)(1)(2).) Because the statute provides a penalty of dismissal for noncompliance, the 60-day timeline is mandatory. Accordingly, a defendant seeking pretrial writ

---

[5] The court in *Chuong D.* held that "[b]ecause Chuong waited until after the jurisdictional hearing had been completed, and the court found against him, before bringing his speedy trial claim to the appellate court, he must affirmatively demonstrate he was *prejudiced* by the delay. 'Prejudice becomes an issue for a statutory speedy trial claim only when the defendant waits until after the judgment to obtain appellate review. "[O]nce a defendant has been tried and convicted, the state Constitution . . . forbids reversal for nonprejudicial error," and so on appeal from a judgment of conviction a defendant asserting a statutory speedy trial claim must show that the delay caused prejudice, even though the defendant would not be required to show prejudice on pretrial appellate review.' [Citations.]" (*Chuong D.*, *supra*, 135 Cal.App.4th at p. 1311, quoting *People v. Martinez* (2000) 22 Cal.4th 750, 769 (*Martinez*).)

review of an order denying a motion to dismiss under section 1382 need only demonstrate that the motion was erroneously denied, i.e., no showing of prejudice is necessary. (See *Martinez*, *supra*, 22 Cal.4th at p. 769; *People v. Johnson* (1980) 26 Cal.3d 557, 575.)

Section 2996(b), however, does not provide any penalty, sanction, or other consequence for noncompliance with its 60-day requirement. Accordingly, this timeline is merely directory. (See *People v. Williams* (1999) 77 Cal.App.4th 436, 451 [section 2972, subdivision (a)'s requirement that the trial on an MDO recommitment petition "shall commence no later than 30 calendar days prior to the time the person would otherwise have been released, unless the time is waived by the person or unless good cause is shown" is directory rather than mandatory]; see also *People v. Tatum* (2008) 161 Cal.App.4th 41, 57, disapproved on another ground in *People v. Lara* (2010) 48 Cal.4th 216, 225, fn. 26 ["[A]part from the requirement that a [recommitment] petition be filed prior to the offender's release date (§ 2972, subd. (e)), the statutory time limits contained in the MDO Act are not 'mandatory' or 'jurisdictional,' but 'directory'"].)

Because the 60-day timeline in section 2966(b) is directory rather than mandatory, any violation of that timeline does not render the proceeding invalid unless it amounts to a due process violation. (*People v. Tatum*, *supra*, 161 Cal.App.4th at p. 57.) The determination whether such a violation has occurred "requires consideration of the facts and circumstances of the case and a subsequent 'balancing of any prejudicial effect of the delay against the justification for the delay.' [Citations.]" (*Ibid.*) "Except where there has been an extended delay, prejudice will not be presumed, and it will be incumbent upon the defendant to

7

demonstrate actual prejudice. [Citations.] If the defendant fails to demonstrate prejudice, the court need not consider the reasons for the delay. [Citations.]" (*People v. Fernandez* (1999) 70 Cal.App.4th 117, 131.) Because prejudice is an essential component of Bona's claim, he cannot demonstrate that counsel's failure to seek writ review constitutes ineffective assistance. (*Hung Thanh Mai*, s*upra*, 57 Cal.4th at p. 1009; see also *Martinez, supra*, 22 Cal.4th at p. 769 [for constitutional speedy trial claims that are not based on section 1382, "a demonstration of prejudice is required whether the trial court determines the issue before or after trial or verdict, and the standard of review for a ruling on such a claim is the same whether appellate review occurs before or after judgment"].)

Bona also fails to demonstrate that he suffered any prejudice as a result of the challenged continuances. He asserts that prejudice is "plain" because the prosecution would have been unable to prove its case had the continuances been denied and Bona "would not have been committed as an MDO." This theory of prejudice is legally unsound. "[T]he mere fact that evidence sufficient to establish a prosecutor's case was introduced against the defendant only *after* his speedy trial rights were violated could never be considered the requisite prejudice to justify reversal of the judgment. Such a rule would nullify the requirement of 'prejudice' as a separate element[.]" (*Chuong D., supra*, 135 Cal.App.4th at p. 1312.) To establish prejudice in this context, Bona must show that the continuances impaired his ability to present his defense "because, for instance, a witness has become unavailable, evidence has disappeared, or the memory of a potential witness has faded." (*People v. Lowe* (2007) 40 Cal.4th 937, 946, fn. omitted.)

8

As the People correctly note, "[a]ppellant has not even tried to establish that any of these considerations were present here." He cannot establish that he suffered any prejudice as a result of the one-day continuance because he had previously waived time to that date. Moreover, the combined continuances were relatively brief and the hearing was completed well within his initial one-year period of parole. Bona "does not claim surprise as to the content of [Sergeant Harris's] testimony, or suggest that his ability to counter that evidence was somehow diminished because of the additional brief delay in the hearing." (*Chuong D.*, *supra*, 135 Cal.App.4th at p. 1312, fn. omitted.) Because Bona fails to demonstrate that he suffered prejudice due to the brief delay in completing his hearing, his claim fails regardless of whether there was good cause for the delay. (*People v. Fernandez*, *supra*, 70 Cal.App.4th at p. 131.)

### *Sanchez*

Bona contends his trial counsel provided ineffective assistance by failing to object when Dr. Brannick testified to case-specific hearsay. He asserts that this evidence was inadmissible under *Sanchez, supra,* 63 Cal.4th 665, which was decided less than two months prior to his trial. Bona claims "it is readily apparent from the record in this case" that as of the date of his trial *Sanchez* "had not yet worked its way down to the San Luis Obispo Superior Court—at least in [MDO] cases." Alternatively assuming that his trial attorney was aware of *Sanchez*, Bona asserts that counsel could have had "no valid tactical reasons for failing to make at least some *Sanchez* objections." We are not persuaded.

In *Sanchez*, our Supreme Court held that "[w]hen any expert relates to the jury case-specific out-of-court statements,

9

and treats the content of those statements as true and accurate to support the expert's opinion, the statements are hearsay." (*Sanchez*, *supra*, 63 Cal.4th at p. 686.)  Accordingly, the statements must either be independently proven or fall under a hearsay exception in order to be admissible.  (*Ibid.*)  "Case-specific facts are those relating to the particular events and participants alleged to have been involved in the case being tried."  (*Id.* at p. 676.)  When a prosecution expert in a *criminal* case seeks to relate *testimonial* hearsay, as contemplated in *Crawford v. Washington* (2004) 541 U.S. 36, there is a confrontation clause violation unless (1) the declarant is unavailable, or (2) the defendant either "had a prior opportunity for cross-examination, or forfeited that right by wrongdoing." (*Sanchez*, at p. 686.)

Although *Sanchez* is a criminal case, it also applies to civil cases—such as this one—to the extent it addresses the admissibility of expert testimony under Evidence Code sections 801 and 802.  (*Sanchez*, *supra*, 63 Cal.4th at p. 670; *People v. Burroughs* (2016) 6 Cal.App.5th 378, 405.)  Bona acknowledges that *Sanchez* does *not* apply here to the extent it addresses a criminal defendant's rights under the state and federal confrontation clauses because those rights are not implicated in MDO proceedings.  (*People v. Otto* (2001) 26 Cal.4th 200, 214; *People v. Nelson* (2012) 209 Cal.App.4th 698, 712.)

Although parties in civil proceedings have a right to confrontation under the due process clause, "[t]he Sixth Amendment and due process confrontation rights are not coextensive.  [Citation.]  Due process in a civil proceeding 'is not measured by the rights accorded a defendant in criminal proceedings, but by the standard applicable to civil proceedings.'

10

[Citation.]"  (*People v. Nelson, supra*, 209 Cal.App.4th at p. 712.)
In civil proceedings such as this one, ""[d]ue process requires
only that the procedure adopted comport with fundamental
principles of fairness and decency.  The due process clause of the
Fourteenth Amendment does not guarantee to the citizen of a
state any particular form or method of procedure."  [Citation.]"
(*Ibid.*)

Bona asserts "that the sheer mass of the hearsay involved
in this case meant that his due process right to confront
witnesses was violated and the case should be analyzed
accordingly."  This assertion begs the question whether trial
counsel's failure to object to the evidence amounts to
constitutionally ineffective assistance.  As we have noted, "it is
particularly difficult to prevail on an appellate claim of ineffective
assistance."  (*Hung Thanh Mai, supra*, 57 Cal.4th at p. 1009,
italics omitted.)  Deficient performance cannot be established on
direct appeal unless "(1) the record affirmatively discloses counsel
had no rational tactical purpose for the challenged act or
omission, (2) counsel was asked for a reason and failed to provide
one, or (3) there simply could be no satisfactory explanation."
(*Ibid.*)  Bona must also overcome the "presumption [that] counsel
acted within the wide range of reasonable professional
assistance."  (*Ibid.*; see also *People v. Castaneda* (2011) 51 Cal.4th
1292, 1335 ["The decision whether to object to the admission of
evidence is 'inherently tactical,' and a failure to object will rarely
reflect deficient performance by counsel"]; *People v. Riel* (2000)
22 Cal.4th 1153, 1185 ["'Generally, failure to object is a matter of
trial tactics as to which we will not exercise judicial hindsight[.]
A reviewing court will not second-guess trial counsel's reasonable
tactical decisions'"].)  Finally, he must show it is reasonably

11

probable that he would have achieved a more favorable result had counsel raised a *Sanchez* objection. (*Hung Thanh Mai*, at p. 1009.)

Bona fails to establish either prong of his ineffective assistance of counsel claim. He merely speculates that counsel was unaware of the *Sanchez* decision.[6] Moreover, on the record before us, there is no basis to conclude that counsel could have had no legitimate tactical reason for failing to raise a *Sanchez* objection to Dr. Brannick's testimony. The People posit that "counsel strategically chose only to challenge the sufficiency of the evidence as to whether [Bona] suffered a qualifying conviction. In support of this argument, counsel utilized the prosecution's evidence to show that the criterion was not met because the evidence did not establish that [Bona] caused the injuries the victim suffered." Defense counsel also exploited one

---

[6] Appellate counsel requests that we take judicial notice of three other pending MDO appeals in which he is also counsel of record. He offers that "these cases were litigated by three different defense attorneys, two different deputy district attorneys, and three different trial judges. Yet, there was no mention of *Sanchez*." He claims "[t]he possibility that any one trial attorney in any one case might have had no reason to make a case-specific hearsay objection is small but, perhaps, not nonexistent[,]" while "[t]he chance that there would be no objections in the only four post-*Sanchez* . . . cases assigned to this specific appellate attorney is pretty close to zero." These oddsmaker assertions are nothing more than speculation. Accordingly, the request for judicial notice is denied.

of Dr. Brannick's hearsay statements to Bona's advantage during cross-examination.**7**

Counsel may also have reasonably concluded that Dr. Brannick's testimony regarding the MDO criteria was less damaging to Bona than the detailed account that would have resulted had counsel raised *Sanchez* objections. Moreover, some of the statements Bona identifies as inadmissible hearsay were based at least in part upon Dr. Brannick's personal observations of Bona when she interviewed him, or upon information he conveyed to her during that interview.**8** In addition, one of the doctor's challenged statements—in which she conveyed Bona's statement to the police that he "had only punched a CD"—was cumulative of other properly-admitted evidence. In light of these considerations, there is no basis for us to conclude this is one of

---

**7** In offering her opinion that Bona's mental disorder could not be kept in remission without treatment, Dr. Brannick offered among other things that Bona had been subject to an involuntary medication order while he was in prison. During cross-examination, defense counsel elicited the doctor's testimony that the medication order had expired well before Bona's BPH hearing and that he had thereafter voluntarily taken his medication. Counsel also elicited testimony that Dr. Brannick had interviewed Bona only once and conducted the interview over a month after his BPH hearing.

**8** For example, Bona contends counsel should have objected to Dr. Brannick's testimony that he had not been taking his medication for approximately one month prior to his commitment offense. Dr. Brannick made clear, however, that this statement was based upon "[Bona's] consistent report, noted in other evaluations and based on his interview with me[.]"

those "rare" cases in which counsel's failure to object amounts to constitutionally deficient performance. (*Hung Thanh Mai, supra*, 57 Cal.4th at p. 1009; *People v. Castaneda, supra*, 51 Cal.4th at p. 1335; *People v. Riel, supra*, 22 Cal.4th at p. 1185.)

Bona also fails to demonstrate the requisite prejudice. In purporting to make this showing, he offers that had counsel objected "the state would not have been able to prove its case—at least not with the evidence available at this trial." He goes on to acknowledge that if counsel had raised a *Sanchez* objection "there might have been a way that the government could have presented some of the inadmissible case-specific hearsay in an admissible fashion." Indeed, exclusion of the challenged evidence would not have precluded Dr. Brannick from stating the opinions upon which that evidence was based. As *Sanchez* makes clear, "[a]ny expert may still *rely* on hearsay in forming an opinion, and may tell the [trier of fact] *in general terms* that he did so." (*Sanchez, supra*, 63 Cal.4th at p. 685.)[9] It is also clear from Dr. Brannick's testimony that most of her opinions were based at least in part on her observations of Bona and the information

_____

[9] Bona cites *People v. Wright* (2016) 4 Cal.App.5th 537, for the proposition that expert opinion testimony is not substantial evidence unless it is supported by evidence in the record. But Dr. Brannick had evidentiary support for her opinions. She interviewed Bona, reviewed his records and conferred with his treating doctors. Our Supreme Court has recently reiterated that an expert testifying on the relevant MDO criteria "may rely on hearsay documents that are 'of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates.' (Evid. Code, § 801, subd. (b).)" (*Stevens, supra*, 62 Cal.4th at p. 336.)

14

directly conveyed to her. Because it is not reasonably probable that a *Sanchez* objection would have led to a more favorable result, Bona's claim of ineffective assistance of counsel fails. (*Hung Thanh Mai, supra,* 57 Cal.4th at p. 1009.)

## DISPOSITION

The judgment (MDO commitment order) is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

15

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer, Acting Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.