Filed 10/23/17 (unmodified opn. attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B278102<br>(Super. Ct. No. 16PT-00366)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

    It is ordered that the opinion filed herein on September 28, 2017, be modified as follows:

1.  At the end of the first full paragraph on page 7, after the sentence ending "establish the statutory requirements of section 2962," add the following sentence:

    By contrast in *People v. Bona* (2017) 15 Cal.App.5th 511, the psychologist had an opportunity to interview and observe the defendant.

There is no change in the judgment.
Respondent's petition for rehearing is denied.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B278102 |
| Plaintiff and Respondent, | (Super. Ct. No. 16PT-00366) |
| | (San Luis Obispo County) |
| v. | |
| MICHAEL LIN, | |
| Defendant and Appellant. | |

*People v. Sanchez* (2016) 63 Cal.4th 665 holds that an expert's hearsay statements to prove a defendant's gang membership are inadmissible hearsay. This paradigm change in the law is far reaching and extends beyond the scope of criminal law. Here we conclude that *Sanchez* applies to cases involving commitments of mentally disordered offenders (MDO).

Michael Lin appeals an order determining him to be an MDO and committing him to the State Department of State Hospitals for involuntary treatment. (Pen. Code, § 2962 et seq.)[1] We reverse.

---

[1] All statutory references are to the Penal Code unless stated otherwise.

*FACTUAL AND PROCEDURAL HISTORY*

On June 8, 2015, Lin pleaded nolo contendere to one count of assault with a deadly weapon. (§ 245, subd. (a)(1).) The circumstances of the criminal offense concerned Lin confronting police officers and brandishing a bow and arrow. Following Lin's plea, the Los Angeles County trial court sentenced him to a three-year prison term.

On May 26, 2016, the Board of Parole Hearings (Board) determined that Lin was an MDO pursuant to the criteria of section 2962. As a condition of parole, the Board required Lin to accept treatment from the State Department of State Hospitals. On May 31, 2016, Lin filed a petition pursuant to section 2966, subdivision (b) to contest this decision. After discussion with his counsel, Lin waived his right to a jury trial. A court trial followed. Among other things, the parties stipulated that Lin met the 90-day treatment requirement of section 2962, subdivision (c). The parties also agreed to admit into evidence the abstract of judgment and the written four-page felony advisement of rights, waiver, and plea form for the underlying assault with a deadly weapon conviction.

*Expert Witness Testimony*

Doctor Brandi Mathews, a forensic psychologist at Atascadero State Hospital, testified that she attempted to interview Lin on two occasions regarding the MDO requirements. The interviews were terminated after several minutes because Lin was agitated, paranoid, and uncooperative. Mathews reviewed Lin's state hospital medical records, his prior MDO evaluations, the probation officer's report, physicians' progress notes, psychological and psychiatric assessments, and interdisciplinary notes. She also consulted Lin's treating

2

psychologist and psychiatrist. Mathews concluded that Lin satisfied the MDO criteria of section 2962.

Specifically, Mathews opined that Lin suffers from the severe mental disorder of schizophrenia, characterized by auditory hallucinations, paranoid symptoms, disorganized thinking, and grandiose delusions. She also concluded that his severe mental disorder was a cause of, or an aggravating factor in, the commission of the underlying assault with a deadly weapon offense. Mathews relied upon these factors: Lin's severe mental disorder predated the offense; he informed a doctor that he was hearing voices at the time of the offense; and his behavior during the offense was bizarre, requiring police officers to use a taser to subdue him.

Mathews also concluded that Lin's severe mental disorder was not in remission as of the date of the Board hearing and could not be kept in remission without treatment. She noted that assessments contained in his medical records described him as paranoid, and prison records noted his refusal to follow his medication regime. Last, she concluded that Lin represented a substantial danger of physical harm to others due to his severe mental disorder because his mental disorder was not in remission, he denied that he suffered from a severe mental disorder, and he did not participate in treatment.

The prosecutor did not present Lin's medical or prison records or prior MDO evaluations into evidence. Mathews's expert witness testimony provided the only evidence concerning application of the MDO criteria to Lin.

*Lin's Statement*

Lin made an unsworn narrative to the trial court and explained the underlying criminal offense as "[j]ust a protest." He also stated that his father owed him money and, for that

3

reason, stated to police officers that he (defendant Lin) suffers from schizophrenia.

*Findings, Order, and Appeal*

The trial court determined that Lin met the requirements of section 2962 beyond a reasonable doubt. In ruling, the trial judge stated that she found Doctor Mathews's testimony persuasive concerning the relationship between Lin's severe mental disorder and the substantial danger of physical harm that he presents to others.

Lin appeals and contends that he received the ineffective assistance of counsel because his attorney did not object to the case-specific hearsay evidence admitted through Mathews's expert witness testimony. (*People v. Sanchez, supra*, 63 Cal.4th 665, 686 (*Sanchez*); *Conservatorship of K.W.* (2017) 13 Cal.App.5th 1274, 1285-1286 [in conservatorship proceeding, error to permit expert witnesses to recite case-specific evidence not independently proven by admissible evidence, but error not prejudicial]; *People v. Jeffrey G.* (2017) 13 Cal.App.5th 501, 504 [in post-insanity verdict proceeding, prejudicial error to permit expert witnesses to recite case-specific hearsay evidence not independently proven by admissible evidence]; *People v. Roa* (2017) 11 Cal.App.5th 428, 433 [in sexually violent predator proceeding pursuant to Welfare and Institutions Code section 6600 et seq., prejudicial error to permit expert witnesses to recite case-specific evidence not independently proven by admissible evidence]; *People v. Burroughs* (2016) 6 Cal.App.5th 378, 383 [same].)

*DISCUSSION*

Lin argues that the prejudicial hearsay evidence admitted by Mathews's testimony violates the *Sanchez* holding and denies him due process of law. (*Sanchez, supra*, 63 Cal.4th 665, 684.)

4

He points to Mathews's testimony that he has a history of psychotic symptoms, including hallucinations, paranoia, delusions, and disorganized thinking; he had symptoms of mental illness in 2013, continuing through the time of the underlying offense; he made statements concerning the underlying offense and his mental illness to other MDO evaluators; he refused medication during imprisonment; he denies having a mental illness; his father stated to police officers that he (defendant Lin) suffers from schizophrenia; and, hospital police have intervened during his commitment. Lin asserts that his counsel had no valid tactical reason for not objecting at least to his father's statement as well as the testimony that he refused medication while imprisoned.

To establish a claim for ineffective assistance of counsel, defendant must establish that counsel's performance was deficient and that defendant suffered prejudice as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-692; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) In demonstrating deficient performance, defendant bears the burden of showing that counsel's performance fell below an objective standard of reasonableness. (*Mickel*, at p. 198; *People v. Orloff* (2016) 2 Cal.App.5th 947, 955.) In demonstrating prejudice, defendant bears the burden of establishing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. (*Mickel*, at p. 198.)

Claims of ineffective assistance of counsel are, as a practical matter, difficult to decide on direct appeal. (*People v. Mickel, supra*, 2 Cal.5th 181, 198; *People v. Orloff, supra*, 2 Cal.App.5th 947, 955.) "The record on appeal may not explain why counsel chose to act as he or she did. Under those circumstances, a reviewing court has no basis on which to

5

determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable." (*Mickel*, at p. 198.)

Appellate courts presume that counsel's actions fall within the broad range of reasonableness and afford great deference to counsel's tactical decisions. (*People v. Mickel, supra*, 2 Cal.5th 181, 198.) For this reason, a reviewing court will reverse a conviction based upon the ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had no rational tactical purpose for an action or omissions. (*Ibid.*; *People v. Orloff, supra,* 2 Cal.App.5th 947, 955.) Deciding whether to object is inherently tactical, and a failure to object will rarely establish ineffective assistance of counsel. (*People v. Romero and Self* (2015) 62 Cal.4th 1, 25.)

In *Sanchez, supra*, 63 Cal.4th 665, 686, our Supreme Court held in part that an expert witness may not "relate as true case-specific facts asserted in hearsay statements, unless they are independently proven by competent evidence or are covered by a hearsay exception." Thus, an expert "is generally not permitted . . . to supply case-specific facts about which he has no personal knowledge." (*Id.* at p. 676.) The court defined "case-specific facts" as "those relating to the particular events and participants alleged to have been involved in the case being tried." (*Ibid.*) However, an expert "may still *rely* on hearsay in forming an opinion, and may tell [the trier of fact] *in general terms* that he did so." (*Id.* at p. 685.) Pursuant to Evidence Code section 802, an expert may "relate generally the kind and source of the 'matter' upon which his opinion rests." (*Sanchez*, at p. 686.)

As the Attorney General suggests, for tactical reasons here counsel may have refrained from objecting to Mathews's

6

testimony because counsel used portions of that testimony to prove that Lin did not present a substantial physical danger to others. Counsel elicited testimony that Lin had no criminal history other than the underlying offense, he currently has no medication regime, and he has not "acted out" physically at the hospital. And counsel may have determined that having Lin testify could have elicited unfavorable evidence in his defense.

Plausible speculation about what might have been a tactical decision, however, does not overcome what here is an insuperable barrier. Lin walked out of his interview, depriving Mathews of the opportunity to make an independent evaluation. The People's case was constructed on an edifice with an illusory foundation. Mathews's opinion was based on multiple hearsay statements that were not independently proven by competent evidence. This, *Sanchez* does not allow. There is no competent evidence to establish the statutory requirements of section 2962.

We assume that in possible future hearings the trial court will follow the holdings of our Supreme Court in *People v. Sivonxxay* (2017) 3 Cal.5th 151 and *People v. Blackburn* (2015) 61 Cal.4th 1113 concerning Lin's waiver of the right to a jury trial.

The order is reversed.

CERTIFIED FOR PUBLICATION.


GILBERT, P. J.

We concur:



PERREN, J.                    TANGEMAN, J.


7

Gayle L. Peron, Judge

Superior Court County of San Luis Obispo

_____

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer, Acting Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.