Filed 5/17/21  P. v. Darnell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
| --- | --- |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>EDWARD DARNELL,<br><br>　Defendant and Appellant. | 2d Crim. No. B307437<br>(Super. Ct. No. 20PT-00392)<br>(San Luis Obispo County) |

Edward Darnell appeals the trial court's order recommitting him for treatment as a mentally disordered offender (MDO; Pen. Code,[1] §§ 2970, 2972).  Appellant contends, and the People concede, that the evidence is insufficient to support the finding that appellant represents a substantial danger of physical harm to others by reason of a severe mental disorder, as set forth in section 2972, subdivision (c).  Although the People presented expert opinion testimony on this issue, the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

expert did not personally interview or observe appellant and her testimony was not supported by any other admissible evidence in the record. The People also correctly concede that the court prejudicially erred in allowing the expert to repeatedly convey case-specific hearsay in violation of *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*). Accordingly, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Appellant was first committed as an MDO in 2015. In June 2020, the People filed a petition to recommit appellant as an MDO pursuant to section 2970. Appellant waived his right to a jury trial.

Dr. Brandi Mathews, a forensic psychologist at Atascadero State Hospital (ASH), testified on behalf of the People. Since 2015, Dr. Mathews had evaluated appellant's case annually to determine if he met the MDO criteria. The doctor had never personally interviewed appellant because he refused to participate. In conducting her most recent evaluation Dr. Mathews reviewed appellant's probation report, his ASH chart documenting his daily behavior, and his prior MDO evaluations. The doctor also spoke with appellant's treating psychiatrist in January 2020 and reviewed the psychiatrist's evaluations of appellant.

Dr. Mathews opined that appellant met the criteria for recommitment as an MDO. The doctor concluded that appellant currently suffered from a severe mental disorder, i.e., schizoaffective order, bipolar type. Based on her review of appellant's records, Dr. Mathews testified that appellant exhibited symptoms of auditory hallucinations, made paranoid and grandiose delusional statements, and had a history of disorganized thinking and manic and depressive episodes. The doctor also opined that appellant's severe mental disorder was

2

not in remission and could not be kept in remission without treatment. She based these opinions on her review of appellant's records, which indicated that he continued to display overt signs and symptoms of his disorder and had been subject to an involuntary medication order since his initial commitment.

Dr. Mathews further opined that appellant represented a substantial danger of physical harm to others by reason of his severe mental disorder. The doctor based this opinion on her knowledge of appellant "over the last five years," her "review of all of his records," and "consultations with his treatment psychiatrist over the last few years."

On cross-examination, Dr. Mathews acknowledged that none of her opinions were based on her personal observations of appellant. She also acknowledged that her testimony about appellant's symptoms was based entirely on her review of his records, none of which were offered into evidence.

At the conclusion of the hearing, appellant asserted that the prosecution had failed to meet its burden of proving that appellant qualified for recommitment as an MDO because Dr. Mathew's opinions were based entirely on multiple hearsay statements that were not independently proven by competent evidence. In concluding otherwise, the trial court reasoned that "Dr. Mathews was able to testify to what she reviewed in the records" and that her testimony "did not involve specific facts, but rather relying on her experts in her field, and she is certainly qualified as an expert in the field."

## DISCUSSION

Appellant contends that his MDO recommitment order must be reversed because the evidence is insufficient to support the finding that he represents a substantial danger of physical harm to others by reason of his severe mental disorder. Appellant further claims that the court prejudicially erred in

3

repeatedly allowing Dr. Mathews to testify to case-specific hearsay in violation of *Sanchez*, *supra*, 63 Cal.4th 665.  The People correctly concede both points.

"[A] prisoner adjudicated to be [an MDO] may be civilly committed during and after parole if certain conditions are met.  (See §§ 2962, 2966.)  The People, represented by the district attorney, may file a petition for the MDO's continued involuntary treatment for a period of one year.  (§§ 2970, 2972, subds. (a)-(c).)  Thereafter, the district attorney may petition to extend that commitment in one-year increments.  (§ 2972, subd. (e).)" (*People v. Allen* (2007) 42 Cal.4th 91, 94.)  To obtain such an extension, the People must prove beyond a reasonable doubt that (1) the defendant continues to have a severe mental disorder; (2) the defendant's severe mental disorder is not in remission or cannot be kept in remission without treatment; and (3) because of his or her severe mental disorder, the defendant continues to represent a substantial danger of physical harm to others.  (§ 2972, subd. (c).)

"In considering the sufficiency of the evidence to support MDO findings, an appellate court must determine whether, on the whole record, a rational trier of fact could have found that defendant is an MDO beyond a reasonable doubt, considering all the evidence in the light which is most favorable to the People, and drawing all inferences the trier could reasonably have made to support the finding.  [Citation.]" (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1082.)

A single opinion by a psychiatric expert that a person is currently dangerous due to a severe mental disorder can constitute substantial evidence to support the extension of an MDO commitment.  (See *People v. Bowers* (2006) 145 Cal.App.4th 870, 879; *People v. Zapisek* (2007) 147 Cal.App.4th 1151, 1165.)  An expert's testimony in civil commitment cases on a person's

4

dangerousness or likely dangerousness may be the only evidence available on the issue. (*People v. Ward* (1999) 71 Cal.App.4th 368, 374.) However, "[e]xpert opinion testimony constitutes substantial evidence only if based on conclusions or assumptions supported by evidence in the record. Opinion testimony which is conjectural or speculative 'cannot rise to the dignity of substantial evidence.'" (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.) "'Like a house built on sand, the expert's opinion is no better than the facts on which it is based.' [Citation.]" (*People v. Gardeley* (1996) 14 Cal.4th 605, 618, overruled on another ground in *Sanchez, supra*, 63 Cal.4th at p. 686, fn. 13.)

Moreover, an expert witness testifying at an MDO hearing cannot "relate as true case-specific facts asserted in hearsay statements, unless they are independently proven by competent evidence or are covered by a hearsay exception." (*Sanchez, supra*, 63 Cal.4th at p. 686; see also *People v. Bona* (2017) 15 Cal.App.5th 511, 520 [recognizing that *Sanchez* applies in MDO proceedings].) Accordingly, an expert "is generally not permitted . . . to supply case-specific facts about which he [or she] has no personal knowledge." (*Sanchez*, at p. 676.) Case-specific facts are "those relating to the particular events and participants alleged to have been involved in the case being tried." (*Ibid.*) An expert, however, "may still *rely* on hearsay in forming an opinion and may tell [the trier of fact] *in general terms* that he [or she] did so." (*Id.* at p. 685.)

Dr. Mathew's opinion testimony that appellant currently represents a substantial danger of physical harm to others by reason of his severe mental disorder was based entirely upon her review of appellant's records and her consultation with his treating psychiatrist six months prior to the hearing. The doctor never observed or interviewed appellant and none of the

5

documents supporting her opinion were offered into evidence. As the People concede, the opinion is thus insufficient to support the finding that appellant is currently dangerous as set forth in section 2972, subdivision (c).

We also accept the People's concession that the trial court erred in repeatedly allowing Dr. Mathews, over appellant's objections, to testify to case-specific hearsay in violation of *Sanchez*. For example, Dr. Mathews provided detailed testimony regarding the symptoms of appellant's mental disorder and conveyed that appellant was subject to an involuntary medication order. The court plainly erred in allowing this testimony, which was neither based on the doctor's own observations nor supported by any other competent evidence in the record. (*Sanchez*, *supra*, 63 Cal.4th at p. 686.) Because there is no other evidence to support Dr. Mathew's testimony, the error is prejudicial and the MDO recommitment order must be reversed.

## DISPOSITION

The MDO recommitment order is reversed and the matter is remanded to the trial court for further proceedings.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.          TANGEMAN, J.

6

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.