Filed 10/19/22  P. v. Felious CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH FELIOUS,<br><br>    Defendant and Appellant. | 2d Crim. No. B318931<br>(Super. Ct. No. 21PT-00453)<br>(San Luis Obispo County) |

Joseph Felious appeals an order determining him to be an offender with a mental health disorder (OMHD) and recommitting him to the State Department of State Hospitals (Department) for involuntary treatment.  (Pen. Code, § 2962 et seq.)[1]  We conclude that the trial court's findings rest substantially upon inadmissible hearsay evidence and thus the recommitment order is not supported by sufficient evidence.  (*People v. Turner* (2020) 10 Cal.5th 786, 823; *People v. Sanchez*

---

[1] All statutory references are to the Penal Code.

(2016) 63 Cal.4th 665, 686.) We reverse and remand to permit the People to retry the recommitment petition.

*FACTUAL AND PROCEDURAL HISTORY*

In 2009, Felious was convicted of one count of battery with serious bodily injury based upon his assault of a staff member. (§ 243, subd. (d).) In 2011, he was committed to the Department as an OMHD. Since that time, he has been recommitted periodically as an OMHD.

On July 19, 2021, the San Luis Obispo County District Attorney filed a petition for continued involuntary treatment pursuant to section 2970. Felious waived his right to a jury trial, and on March 3, 2022, the trial court determined that he met the criteria for continued involuntary treatment as an OMHD.

*Testimony of Doctor Robin Campbell*

Doctor Robin Campbell, a forensic consulting psychologist for the Department, testified as the only witness at the recommitment hearing. Campbell was not Felious's treating psychologist but had interviewed him for 30 minutes nearly three years earlier regarding a previous petition. Campbell based her current opinions upon her review of this documentary evidence pertaining to Felious: legal records, prior forensic reports, recent conduct reports, hospital treatment plan, treatment participation, case notes, progress notes, nursing notes, social worker notes, and prison records. Campbell also consulted with Felious's treating psychologist and his social worker. None of these documents were presented at trial or admitted into evidence. Felious declined to participate in an interview with Campbell concerning the current petition.

Over repeated defense objections regarding lack of foundation and inadmissible hearsay pursuant to *Sanchez*,

2

Campbell opined that Felious suffers from a severe mental disorder, schizoaffective disorder, bipolar type.  Campbell supported her opinion by reference to her observations during her 2019 interview with Felious and her review of recent treatment notes and information from his treating psychologist.  Campbell also opined that Felious was not in remission, based upon her analysis of documents and current opinions of hospital staff.  Her conclusion also rested in part upon her previous interview with Felious.  Campbell believed that Felious represented a substantial danger of physical harm to others by reason of his severe mental disorder.  She explained that Felious was symptomatic, did not participate in treatment groups, and did not have a relapse prevention plan.  Campbell concluded that Felious satisfied each of the requirements of section 2970, subdivision (b).

The trial court recessed twice during Campbell's testimony to analyze our Supreme Court's opinions in *People v. Sanchez*, *supra*, 63 Cal.4th 665 and *People v. Burroughs* (2016) 6 Cal.App.5th 378.  It then overruled the defense foundation and hearsay objections and permitted Campbell's expert opinion testimony.

Felious appeals and contends that the recommitment order rests substantially upon inadmissible case-specific hearsay evidence.  The Attorney General concedes.  The Attorney General also agrees that Campbell's 2019 interview with Felious is insufficient alone to support the findings of lack of remission and current dangerousness.

## DISCUSSION

Our Supreme Court has held that an expert witness may rely upon and base his opinion on admissible documents provided that the documents are admitted in the proceeding.  (*People v.*

3

*Turner*, *supra*, 10 Cal.5th 786, 823.) "Had the report been offered and admitted under an exception, the words of the document itself would have constituted admissible hearsay. [The expert witness's] recitation of the content of an *unadmitted* document remains hearsay for which no exception was established. [The expert witness] was allowed to present inadmissible hearsay as true and supportive of her opinion. This was error under California's hearsay statutes." (*Ibid.*)

Here the documentary evidence that Campbell reviewed and her discussions with hospital staff constituted nearly the entire basis for her opinion. The documents were not offered by the prosecutor and admitted into evidence. Campbell's 30-minute interview with Felious occurred several years previously and bore little relevance to his current status and substantial dangerousness. At an OMHD hearing, an expert witness cannot relate as true case-specific facts asserted in hearsay statements unless they are independently proven by competent evidence or are covered by a hearsay exception. (*People v. Yates* (2018) 25 Cal.App.5th 474, 485 [error to permit expert witness to testify regarding case-specific facts found in criminal and hospital records unless records admitted into evidence or fall within hearsay exception]; *People v. Bona* (2017) 15 Cal.App.5th 511, 520 [application of *Sanchez* holding to MDO proceedings].)

The OMHD scheme is civil in nature and principles of double jeopardy do not apply to the commitment proceedings. (*People v. Francis* (2002) 98 Cal.App.4th 873, 877.) We reverse and remand for further proceedings. (*People v. Dodd* (2005) 133 Cal.App.4th 1564, 1571, fn. 3.)

4

## DISPOSITION

The recommitment order is reversed, and the matter is remanded to the trial court.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Teresa Estrada-Mullaney, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.