Filed 5/21/24  P. v. Pearson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARK PEARSON,<br><br>　　　Defendant and Appellant. | B330036<br>(Los Angeles County<br> Super. Ct. No. PA098189) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Stefanie Yee, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant Mark Pearson of driving a vehicle without consent. The trial court sentenced him to the upper term, doubled under the Three Strikes law. Pearson contends the court abused its discretion by imposing the upper term and by not dismissing his prior strike conviction. He also contends the court failed to timely admonish the jury to disregard a witness's volunteered statement. We hold Pearson's claims are forfeited and affirm the judgment.

## PROCEDURAL BACKGROUND

The Los Angeles County District Attorney's Office filed an information charging Pearson with driving a vehicle without consent of the owner (Brett Clark) (Veh. Code, § 10851, subd. (a)). It was alleged that Pearson was convicted of the same crime on March 5, 2012 in Orange County (case No. 12WF0372) (Pen. Code, § 666.5),[1] and of first degree burglary (§ 459), a serious or violent felony (§§ 667, 1170.12), on August 17, 2015 in Riverside County (case No. SWF1501387). The following aggravating factors were alleged: Pearson suffered prior convictions that were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); Pearson served a prior term in prison or county jail (Cal. Rules of Court, rule 4.421(b)(3)); and Pearson previously performed unsatisfactorily on probation, mandatory supervision, post-release community supervision, or parole (Cal. Rules of Court, rule 4.421(b)(5)).

A jury found Pearson guilty of driving a vehicle without consent. Pearson waived his right to a jury trial on the prior convictions and

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

aggravating factor allegations. In a bifurcated trial, the court found beyond a reasonable doubt that Pearson suffered the two alleged prior convictions and found true the three alleged aggravating factors.

At sentencing, defense counsel noted that the pretrial plea offer was for a low term doubled and requested that the trial court impose the low term. In response, the People stated the plea offer was extended to Pearson the day after arraignment, to expire the next day, and at that time it was not known "the sophistication that was involved" in committing the crime. The People asked for the upper term to be imposed because "[t]he aggravating factors substantially outweigh the mitigating factors." The court noted the probation report indicated Pearson was recently paroled in 2020. The court also stated that "although no motion was made, it would be highly inappropriate to [dismiss] that [prior strike conviction]. So [Pearson] is subject to the three strikes sentencing."

The court sentenced Pearson to the upper term of four years, doubled to eight years pursuant to the Three Strikes law (§§ 667, 1170.12) in state prison. The court reasoned that the "high term is entirely justified with the three factors in aggravation having been found true." Also, the court detailed how the current offense was an "aggravated" section 10851, compared to the prior conviction for the same crime. The court further explained that in addition to finding the three aggravating circumstances to be true, Pearson had a prior strike, and he "will continue to reoffend rather than get his affairs in order, get a job, and take care of himself. He will continue to victimize other people who work for a living."

Pearson timely filed a notice of appeal.

3

# DISCUSSION

## I.    *Sentencing Errors*

Pearson contends that the trial court abused its discretion by imposing the upper term and refusing to dismiss his prior strike conviction without considering mitigating circumstances.  The Attorney General contends that Pearson forfeited these issues on appeal.  We agree.

Pearson did not object to the upper term sentence when it was imposed, specifically any lack of consideration by the trial court of circumstances in mitigation as argued on appeal.  (See *People v. Scott* (1994) 9 Cal.4th 331, 351–354.)  Additionally, at no time after the trial court found true the prior conviction allegations did Pearson move to dismiss the prior strike conviction. (*People v. Carmony* (2004) 33 Cal.4th 367, 375–376 ["any failure on the part of a defendant to invite the court to dismiss . . . waives or forfeits his or her right to raise the issue on appeal"].)

In reply, Pearson concedes his claims may be forfeited but urges the court to address the merits of his arguments to preclude a claim of ineffective assistance of counsel based on the failure to object.  When a defendant raises an issue for the first time in a reply brief, we generally decline to address the issue.  (*People v. Bona* (2017) 15 Cal.App.5th 511, 517 ["ineffective assistance claim is forfeited because it was not raised in the opening brief"]; *People v. Rangel* (2016) 62 Cal.4th 1192, 1218–1219 [same]; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [same].)  Pearson does not attempt to show good cause for his failure to raise this issue in his opening brief.  We therefore decline to exercise our discretion to reach the merits.

4

II.    *Jury Admonishment*

Pearson contends the trial court failed to timely admonish the jury to disregard a volunteered statement by Clark, the owner of the vehicle.  We agree with the Attorney General that this claim is also forfeited.

During his testimony, Clark said, "Scumbag," after answering the prosecutor's question.  Defense counsel objected.  Defense counsel stated that Clark was talking to Pearson and there was no question pending.  The trial court said, "nobody should be conversing with one another" and "I didn't see anything.  But I will accept your representation."  After Clark's testimony and outside the presence of the jury, defense counsel asked to "put something on the record."  He then said, "I know the court didn't catch it, but the witness did lean into the microphone while there were no questions pending and looked at my client and said the word 'scumbag.'"  Defense counsel requested a limiting instruction "to not consider anything by the witness that wasn't in response to the attorney questioning."  The court agreed to admonish the jury "to just disregard any statements that were not made in response to a direct question."  Defense counsel did not object to this solution.  After closing arguments, the court admonished the jury, among other things, "to disregard any comment or statement made by any witness that was not made in response to a question by either one of the lawyers."  Again, there was no objection by defense counsel.

The trial court clearly acquiesced to defense counsel's request to admonish the jury and used virtually identical language proposed by counsel.  At no point did defense counsel object to the form, substance, or timing of the admonishment.  Pearson cannot now raise for the first time on appeal that the admonishment was untimely and failed to "provide any context."  (*People v. Saunders* (1993) 5 Cal.4th 580, 590 [""No procedural principle is more

5

familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited . . . by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it""'"].)  Again, in reply, Pearson concedes his claim may be forfeited but urges the court to address his argument to preclude a claim of ineffective assistance of counsel.  As noted, when a defendant raises an issue for the first time in a reply brief, we generally decline to address the issue.  (*People v. Duff, supra*, 58 Cal.4th at p. 550, fn. 9.)  We decline to exercise our discretion to reach the merits.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


MORI, J.


6