Filed 9/28/22  P. v. McFaddin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>REAFFORD EUGENE OLIVER McFADDIN,<br><br>        Defendant and Appellant. | A165843<br><br>(Stanislaus County<br>Super. Ct. No. 1222648) |

Reafford Eugene Oliver McFaddin[1] appeals from an order extending his involuntary commitment to the Department of State Hospitals for one year to October 19, 2021 as a mentally disordered offender (MDO) under Penal Code sections 2970 and 2972.[2]  While this appeal was pending, the challenged one-year involuntary commitment expired.  We dismiss the appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Background**

On February 9, 2007, McFaddin pleaded guilty to a violation of section 288, subdivision (a), and was sentenced to a mitigated three-year term in

---

[1]    The court documents contain various spellings of McFaddin's first and last names.  In this opinion, we spell his name as he does in his court documents.

[2]    All undesignated statutory references are to the Penal Code.

state prison. In October of 2009, the Board of Parole Hearings (BPH) certified that McFaddin met the criteria for certification as an MDO. As a condition of his parole, McFaddin was transferred to the custody of the Department of State Hospitals to receive mental health treatment, and since that time he has continuously received treatment in a state hospital setting.

On April 23, 2020, before McFaddin's recommitment was to terminate on October 19, 2020, the district attorney filed a new petition to recommit McFaddin for one year, seeking to extend the commitment to October 19, 2021. In November 2020, a two-day trial was held and a jury found true the petition alleging McFaddin to be an MDO. On November 6, 2020, the trial court ordered McFaddin committed for another year until October 19, 2021. McFaddin timely appealed from the recommitment order issued on November 6, 2020.

During the pendency of this appeal, McFaddin's appellate counsel was granted one extension of time to file appellant's opening brief, respondent was granted five extensions of time to file respondent's opening brief, and McFaddin's appellate counsel was granted three extensions of time to file appellant's reply brief. The parties were also directed to file briefs addressing whether the appeal was moot since the one-year commitment order under review would expire before briefing was completed. In response, the Attorney General stated that as of November 18, 2021, McFaddin's next recommitment trial was scheduled to begin on December 7, 2021.[3]

---

[3]     McFaddin's notice of appeal was timely filed in the Fifth Appellate District. On November 19, 2021, this case was fully briefed. On August 9, 2022, the case was transferred by California Supreme Court Order from the Fifth Appellate District (where it had been designated case No. F082079) to the First Appellate District.

## DISCUSSION

The Mentally Disordered Offenders Act (§ 2960 et seq.) provides that "[a]s a condition of parole, a prisoner may be designated and civilly committed as an MDO for involuntary treatment of a 'severe mental disorder' if certain conditions are met." (*People v. Allen* (2007) 42 Cal.4th 91, 99, fn. omitted (*Allen*); see §§ 2962, subds. (a)–(f), 2966; see *People v. Dunley* (2016) 247 Cal.App.4th 1438, 1442, fns. omitted (*Dunley*).) The commitment term is one year and, prior to the expiration of each commitment period, the district attorney may file an extension petition for an additional one-year term. (*Allen*, *supra*, at p. 99; §§ 2970, 2972, subds. (a), (b), (c).)

McFaddin challenges the now-expired order of commitment on the following grounds: (1) the trial court erroneously allowed into evidence inadmissible hearsay evidence in violation of *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*), and to the extent the issue is not adequately preserved, that failure constituted ineffective assistance of defense counsel; (2) there was no substantial evidence to support the determination that he was an MDO; (3) the trial court improperly intervened to support the prosecutor's case by the manner in which it made its evidentiary rulings regarding the admission of evidence, questioned prosecution witnesses, and sustained objections to portions of defense counsel's closing argument; (4) defense counsel provided ineffective assistance by failing to move for a mistrial on all appropriate grounds; and (5) cumulative error.

However, "[b]y the nature of MDO proceedings, in which a new commitment must be sought every year," an appeal from a given commitment order may be rendered moot because the "issues arising in such proceedings can most often not be decided on appeal quickly enough to provide any relief to the person committed. That is the case here." (*Dunley*, *supra*, 247

Cal.App.4th at p. 1445; see *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380 [" 'a case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief' "].)

McFaddin argues that a successful resolution of his claim of legally insufficient evidence "could affect the trial court's jurisdiction over subsequent recommitment proceedings." According to McFaddin, if he were successful in securing a reversal based on legally insufficient evidence, he would be entitled to be released from custody as he was never legally committed, and any subsequent commitment would, itself, be void because the government failed to prove he suffered from a severe mental disorder that made him dangerous at the time of the trial in November 2020. We disagree.

When an MDO is not properly committed within a given year, the MDO is not entitled to be released from continued confinement, so long as the district attorney has filed a new petition for recommitment **before** the end of the one-year commitment period, thereby continuing the trial court's jurisdiction under the MDO Act. (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 885–886.) As applied here, while McFaddin's commitment order under review expired on October 19, 2021, he would not be entitled to be released if his appeal were meritorious because the district attorney filed a new petition for recommitment for which a trial was scheduled to begin on December 7, 2021. The pending petition continued the trial court's jurisdiction to act under the MDO Act. (*Alsafar*, *supra*, at p. 886; see also *Dunley*, *supra*, 247 Cal.App.4th at p. 1445 [appeal is moot due to expiration of MDO recommitment order under review as "[a] reversal of appellant's current commitment order would have no effect on the pending petition" for a new recommitment order].)

4

We recognize that had this appeal been decided before the commitment order expired, and we found the appeal to be meritorious, McFaddin would have been entitled to a reversal and we could have ordered a new hearing. (See *Alsafar*, *supra*, 8 Cal.App.5th at p. 886 [appeal rendered moot due to expiration of the recommitment order under review; "[i]f this appeal had been heard and decided before the one-year timeline, we could have given Alsafar the effective remedy of a rehearing on the petition"].) However, because McFaddin's recommitment order under review has expired, a reversal would have no practical effect. If the outcome of the new petition for recommitment resulted in the release of McFaddin, then this appeal would be moot. If the outcome of the new petition resulted in a new recommitment order, McFaddin would not be entitled to immediate release as he would now be subject to a new recommitment order. In other words, regardless of the outcome of the new petition for recommitment (McFaddin's release or recommitment), a reversal of the expired commitment order under review can have no practical effect or provide effective relief. [4]

In addition, we see no merit to McFaddin's argument that the appeal should not be deemed moot because mootness was caused by the long delay in the filing of respondent's opening brief. McFaddin acknowledges some of the

---

[4] The cases concerning MDO proceedings cited by McFaddin are factually distinguishable and do not warrant a different outcome as they involve challenges to the one year initial commitment period to a State Hospital (following in jail and/or in prison treatment) (see *People v. J.S.* (2014) 229 Cal.App.4th 163, 171; *People v. Fernandez* (1999) 70 Cal.App.4th 117, 120–121, 134–135; *People v. Bendovid* (2018) 30 Cal.App.5th 585, 594– 595) or the parties stipulated to a new recommitment order pending the appeal of an expired one year initial recommitment order and the court found the stipulation may have been predicated on the pendency of the appeal from the initial recommitment order (*People v. Hernandez* (2011) 201 Cal.App.4th 483, 487, fn. 3).

delay was due to reasonable time taken to file the notice of appeal and to file the record. He further concedes some of the delay was due to one extension of time granted for the filing of appellant's opening brief and three extensions of time granted for filing of appellant's reply brief, but asserts those extensions "did not delay the case excessively," rather it was the circumstance that by the time respondent filed respondent's opening brief, it was already too late to have the appeal "resolved in a timely fashion."

In support of his argument, McFaddin challenges the reasons given for the requests to extend time to file respondent's opening brief. However, the record reflects respondent's requests were granted without *any opposition* by McFaddin's appellate counsel on the grounds now asserted in the reply brief. McFaddin does not contend that individually any of the extension requests were not valid and he concedes counsel for respondent did not do anything specifically wrong. Rather, his complaint is that the government "cannot be permitted to assign the case such as this one with a tight deadline to an attorney who cannot complete work in a timely fashion and then argue that the appellant should not receive appellate review on the basis of mootness when the mootness was caused by the government's own actions."

We are not persuaded. Nothing precluded McFaddin's appellate counsel from opposing any extension of time due to the time-sensitive nature of the appeal and the effect a delay in filing respondent's opening brief would have on mootness. Had an objection been made, the Fifth Appellate District would have been in the position to address any concerns regarding the delay in the briefing of the appeal. The failure to object deprived the Fifth Appellate District of an opportunity to address the issue and results in the absence of any record to support McFaddin's assertion that the government's

6

delay in the filing of respondent's opening brief constitutes "grossly negligent behavior."

Nor are we persuaded by McFaddin's contention that we should review his appellate arguments as an exception to the mootness doctrine because he raises issues that are " 'likely to recur, might otherwise evade appellate review, and [are] of continuing public interest.' " (*People v. DeLeon* (2017) 3 Cal.5th 640, 646, quoting *People v. Morales* (2016) 63 Cal.4th 399, 409.) McFaddin's arguments do not present issues of continuing public interest that are likely to recur and evade review. For example, McFaddin contends the trial court erred in admitting case-specific hearsay during the testimony of the prosecution's experts in violation of *Sanchez, supra*, 63 Cal.4th 665. However, as McFaddin's appellate briefing makes clear, whether a reversal is warranted based on a *Sanchez* error is not an issue likely to evade review as the courts have repeatedly addressed purported *Sanchez* errors in both an MDO proceeding as well as other commitment proceedings. (See *People v. Bona* (2017) 15 Cal.App.5th 511, 519–522 [applying *Sanchez* in MDO proceeding]; see also *People v. Yates* (2018) 25 Cal.App.5th 474, 486 [applying *Sanchez* to sexually violent predator commitment proceeding]; *People v. Roa* (2017) 11 Cal.App.5th 428, 450–452 [applying *Sanchez* in sexually violent predator commitment proceeding]; *People v. Burroughs* (2016) 6 Cal.App.5th 378, 411 [applying *Sanchez* in sexually violent predator commitment proceeding].)

Moreover, at the November 2020 trial, the court was well aware of the law and informed the prosecution that the admission of evidence sought to be elicited from expert witnesses was limited by *Sanchez* and defense counsel was encouraged to make objections if the questions sought evidence in violation of *Sanchez*, noting that counsel was free to not make an objection as

7

a tactical decision.  Our resolution of each defense objection and ruling made by the trial court for *Sanchez* error would necessarily be premised on the exact nature of the case-specific evidence elicited at the November 2020 trial, which is not likely to recur in the same manner at future proceedings.  (See, e.g., *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [court declined to address moot questions "given the fact-driven nature of the questions presented"]; *Giles v. Horn* (2002) 100 Cal.App.4th 206, 228 [court declined to address moot issue "dependent upon the specific facts of a given situation"].)  Similarly, the other issues raised on appeal (sufficiency of evidence and the conduct of the trial court and defense counsel) are dependent on the specific factual circumstances of the November 2020 trial, and are not reasonably likely to reoccur at future MDO proceedings concerning McFaddin.  For each subsequent petition the prosecutor will have to prove the need for McFaddin's recommitment anew. Each future proceeding will have its own record based on evidence of McFaddin's mental condition and his response to treatment at the time of that new proceeding.  Accordingly, our review of the trial that occurred in November 2020 would have no practical effect on any subsequent petition seeking McFaddin's recommitment.

For these reasons, we conclude the appeal is moot, and we decline to exercise our discretion to review McFaddin's appellate issues as no exception to the mootness doctrine applies.

## DISPOSITION

The appeal is dismissed as moot.

8

_____

Petrou, J.

WE CONCUR:


_____

Tucher, P.J.


_____

Rodríguez, J.

A165843/*People v. McFaddin*