Filed 9/29/23  Estevez v. Adams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MOISES ESTEVEZ et al., | D080200 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2019-00012475-CU-PA-NC) |
| CAROLINE ALINE ADAMS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Affirmed.

Law Office of Louis Gabbara, Louis J. Gabbara and Douglas S. Rafner, for Plaintiffs and Appellants.

Law Offices of Kim L. Bensen, Kim Haycraft; Pollak, Vida & Barer, Daniel P. Barer and Anna L. Birenbaum, for Defendant and Respondent.

## INTRODUCTION

Moises Estevez and Ilse Bringas (together, Plaintiffs) were rear-ended in an automobile accident by Caroline Aline Adams.  Both Plaintiffs sought ongoing medical treatment following the accident.

Plaintiffs ultimately sued Adams.  Following a four-day trial, a jury returned a verdict finding that Adams's negligence was not a substantial factor in causing harm to Estevez or Bringas and, therefore, declining to award any damages.

Plaintiffs appeal the judgment, asserting four claims of error.  Adams contends Plaintiffs forfeited their assertions of error.  We agree and therefore affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

I.

*Accident and Medical Treatment*

On the afternoon of January 19, 2019, Adams was driving in stop-and-go traffic.  She said another car jutted into her lane about three or four cars ahead of her, which resulted in the cars in front of her slamming on their brakes.  She did as well but did not slow down fast enough and hit Plaintiffs' car, which was directly in front of hers.  The airbags did not deploy in Plaintiffs' vehicle.  Adams and Estevez exited their vehicles, and Adams asked if everyone was alright.  According to Adams, both Plaintiffs said they were fine.  Neither party called the police or an ambulance, and then Plaintiffs drove away.

According to Estevez, his infant daughter was crying so they took her to the emergency room to make sure she had not suffered a head injury or other

---

[1]    Plaintiffs' introduction and statement of the case do not provide a complete recitation of the facts.  This deficiency will be addressed *post*.  For the facts they do include, the citations frequently are incorrect or omitted.  This violates California Rules of Court, rule 8.204(a)(1)(C), which requires parties to support their arguments with citations to "the volume and page number of the record where the matter appears."  (See *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [" 'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations' "].)

2

harm.  He said he told his wife on the way to the hospital that his back hurt.
Bringas reported having felt pain in her neck about five to 10 minutes after
the accident.  At the hospital, Bringas told doctors she was experiencing pain
in her neck and back.  Estevez stated that doctors recommended they get
pills from the pharmacy and follow up with a primary care physician.

Neither Estevez nor Bringas had a primary care provider, so six days
later, after contacting an attorney, Plaintiffs each saw Ron Brizzie, M.D.
Dr. Brizzie initially recommended medications for Estevez's back and neck
pain, but then placed an order for magnetic resonance imaging (MRI) when
his pain had not improved.  The MRI showed Estevez had a cyst in his
thoracic spine.  Dr. Brizzie diagnosed him with sprain and strain type
injuries in his back as well as facet syndrome.  He treated these injuries with
trigger point injections to relax the muscles and physical therapy.

Bringas reported neck pain radiating into her shoulders and
headaches.  Dr. Brizzie recommended that she continue using the
medications provided by the emergency room and start physical therapy.  He
treated her a total of three times.  Although Dr. Brizzie also ordered an MRI
for Bringas, he noted that the results did not show any specific damage.

II.

*Lawsuit, Trial, and Posttrial Motions*

Plaintiffs eventually sued Adams.  Adams admitted liability and the
only issues for trial were:  (1) whether Adams's negligence was a substantial
factor in causing harm to Plaintiffs, and (2) if so, what damages Plaintiffs
were entitled to as a result.

Prior to trial, Plaintiffs submit that they filed five motions in limine,
but they did not include the motions or the trial court's order on the same in
the record on appeal.  Plaintiffs also reference an October 7, 2021 order

3

regarding allegedly improper discovery responses. This order and the underlying briefing also are not contained in the record.

At trial, Estevez and Bringas testified regarding the accident, their injuries, and their treatment. Plaintiffs then called Dr. Brizzie as a witness. Dr. Brizzie opined that the accident caused all of Plaintiffs' symptoms. In so doing, he acknowledged that he had not reviewed medical records for either of them from before the accident, so he relied upon his examinations and their subjective statements that they did not have any pain or injuries prior to the accident. He further opined that, although Estevez's cyst likely was present prior to the accident, it was "more probable than not" that the cyst was aggravated in some way by the accident.

Plaintiffs then called Paul Jain, M.D., as a witness regarding the reasonableness and necessity of Plaintiffs' treatments and the anticipated cost, should Estevez require future spinal surgery to remove the cyst.

Adams testified and then relied on testimony from orthopedic surgeon Larry Dodge, M.D., to respond to Plaintiffs' experts' testimony.

The jury returned a special verdict finding that Adams's negligence was not a substantial factor in causing harm to Estevez or Bringas. As a result, they did not award any damages. Plaintiffs filed what the trial court characterized as a motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial.[2] By minute order dated February 18, 2022, the trial court denied both motions. Plaintiffs subsequently appealed.

## DISCUSSION

### I.

---

[2] Plaintiffs did not include the motion or motions in the appellate record and the register of actions included in the record only reflects the filing of a motion for JNOV. Thus, we rely on the trial court's description of the motions in its minute order ruling on them.

4

*This Court Lacks Jurisdiction to Review Plaintiffs' Challenge to the Order Denying Their Motion for JNOV*

Plaintiffs argue the trial court abused its discretion when it denied their motion for JNOV. Adams submits that Plaintiffs forfeited this claim by failing to separately appeal the JNOV order. Plaintiffs do not challenge this forfeiture argument in their reply brief.

An order denying a party's motion for JNOV is separately appealable. (Code Civ. Proc., § 904.1, subd. (a)(4).) Here, the trial court entered its judgment on the special verdict on January 4, 2022. Plaintiffs' motion for JNOV or, alternatively, a new trial was denied on February 18, 2022, and the court directed Adams's counsel to give notice. The register of actions reflects that Adams filed a notice of ruling on February 22, 2022. Plaintiffs then filed their appeal on March 1, 2022. Accordingly, Plaintiffs were aware of the outcome of the JNOV when they appealed. Yet their notice of appeal does not indicate that they wished to appeal the JNOV.

While a notice of appeal must be liberally construed, it is not sufficient unless "it identifies the particular judgment or order being appealed." (Cal. Rules of Court,[3] rule 8.100(a)(2); *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) "Rule 8.100(a)(2)'s liberal construction requirement reflects the long-standing ' "law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882.) "Once a notice of appeal is timely filed, the liberal construction requirement compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served

---

[3]    All further references to rules are to the California Rules of Court.

its basic function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction." (*Id.* at p. 883.)

In this case, there was no ambiguity as to which decision Plaintiffs were appealing. Plaintiffs checked the box for "Judgment after jury trial" on their notice of appeal and listed only January 4, 2022, as the date of the judgment or order being appealed. Under the appealability section on their civil case information statement, they also did not indicate an intent to appeal any other order aside from the judgment after jury trial.[4] Notably, Plaintiffs do not even list a separate basis for appealing the JNOV in their opening brief's statement of appealability, stating only: "This appeal is from the judgment of the San Diego County Superior Court and is authorized by the Code of Civil Procedure section 904.1, subdivision (a)(1)."

"[W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal." ' " (*Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171.) "The policy of liberally construing a notice of appeal in favor of its sufficiency (rule 8.100(a)(2)) does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) Were we to hold otherwise, a party would never have to file a separate appeal from a JNOV, or arguably any other postjudgment order, as Code of Civil Procedure section 904.1, subdivisions (a)(2) and (4) specifically require. We thus conclude Plaintiffs forfeited their appeal of the order denying their JNOV

---

[4]     Under the section addressing the timeliness of the appeal, Plaintiffs checked a box indicating that a postjudgment motion was filed, but did not indicate what kind of motion, the date of filing, or the date of service.

motion.  As a result, we lack jurisdiction to consider this claim.  (*Colony Hill,* at p. 1171 [concluding that the reviewing court lacked jurisdiction to consider an appeal to a postjudgment order awarding attorney fees because the appellant did not separately appeal the order].)

II.

*Plaintiffs Forfeited Their Claims of Error Regarding Adams's Testimony and Dr. Dodge's Testimony*

Plaintiffs assert two claims of error based largely on the trial court's purported failure to abide by its own pretrial rulings on motions in limine. First, Plaintiffs contend the trial court abused its discretion by allowing Adams to offer what they submit was expert causation testimony by proxy. According to Plaintiffs, the court's pretrial ruling on a motion in limine prohibited Adams from offering testimony on causation.  As a result, Adams could not call her expert, Dr. Eugene Vanderpol, to present evidence regarding causation or the mechanism of impact resulting in injury.  To circumvent this prohibition, Plaintiffs contend Adams spoke with Dr. Vanderpol before trial and then offered his causation testimony as her own. In overruling Plaintiffs' counsel's objection to Adams's testimony on the grounds that Adams was just stating "her understanding," Plaintiffs contend the court abused its discretion.

Second, Plaintiffs argue that the trial court abused its discretion when it allowed Adams's expert, Dr. Dodge, to provide case-specific opinions based solely upon hearsay documentation.  Plaintiffs assert that Dr. Dodge's testimony was based entirely upon his out of court review of Plaintiffs' medical records, which Plaintiffs contend violated the trial court's pretrial orders on motions in limine and *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*), upon which at least one of the motions was based.

7

Adams responds that Plaintiffs have forfeited these claims on appeal by (1) neglecting to set forth a fair and complete summary of the facts that complies with the Rules of Court, (2) omitting citations in their briefs to the relevant portions of the record, and (3) failing to designate any appellate record of the motions in limine and the trial court's ruling on those motions. Plaintiffs notably do not dispute *any* of Adams's forfeiture arguments in their reply brief.

A.    *Applicable Legal Standards*

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).)  To overcome this presumption, the appellant bears the burden of providing an adequate record to affirmatively demonstrate error. (*Ibid.*; *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 498 [incomplete record is construed against appellant].)  If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the order.  (*Foust*, at p. 187.)

To that end, an appellant is bound by many rules of appellate procedure designed to facilitate our review of claims of reversible error.  For example, an appellant's opening brief "must . . . [p]rovide a summary of the significant facts limited to matters in the record" (rule 8.204(a)(2)(C)) and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (*id.* at rule 8.204(a)(1)(C); *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29 ["It is axiomatic that an appellant must support all statements of fact in his briefs with citations to the record . . . ."]).  That is because "[i]t is neither practical nor appropriate for us to comb the record on [Plaintiffs'] behalf."  (*In re*

*Marriage of Fink* (1979) 25 Cal.3d 877, 888.) The appellant also has the burden to provide an adequate record on appeal to allow the reviewing court to assess the purported error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*); *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434 fn. 9.) "[A] record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." (*Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302 (*Uniroyal Chemical*).)

Further, it is the appellant's responsibility "to support claims of error with meaningful argument and citation to authority." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*); rule 8.204(a)(1)(B).) "When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen,* at p. 52.)

B. *Analysis*

We agree Plaintiffs forfeited these claims by not providing an adequate record, minimally citing to the records that were provided, and declining to support their claims of error with relevant citations of authority. Most significantly, Plaintiffs insist the trial court failed to follow its own evidentiary rulings, yet they did not include the referenced motions in limine or the court's ruling on the same in the record. On appellate review, we have no ability to evaluate whether the trial court inappropriately admitted evidence that should have been excluded per the pretrial order if the motions and order are not before us in the record. Plaintiffs provided what appears to

9

be a summary of five motions in limine and the corresponding rulings but did not cite to where we may find the actual documents in the record. Once again, it is incumbent upon the appellant to provide a record on appeal that is sufficient to allow the reviewing court to assess the purported error. (*Maria P.*, *supra*, 43 Cal.3d at p. 1295.) When, as here, the record is inadequate for meaningful review, we resolve the issue against the appellants. (*Foust*, *supra*, 198 Cal.App.4th at p. 187.)

With regard to both claims of error, Plaintiffs also neglected to provide legal authority supporting their assertions that the trial court abused its discretion. Plaintiffs argue the court erred by allowing Adams to testify, over their objection, regarding relevant speed and Plaintiffs' vehicle's "black box" because they contend these topics were within the province of expert testimony. To support this claim, Plaintiffs direct us to Evidence Code section 720, which sets forth the criteria for testifying as an expert.[5] But Adams was not presented as an expert. And while Plaintiffs could have argued at trial pursuant to Evidence Code section 720 that Adams had to demonstrate "special knowledge, skill, experience, training, or education" before offering such testimony or, conversely, that her testimony should be stricken, they did not raise either issue. Furthermore, on appeal, citation of this authority alone does not demonstrate how Plaintiffs' argument overcomes the deferential abuse of discretion standard of review. (See *Allen*,

---

[5] Evidence Code section 720 provides: "(a) A person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates. Against the objection of a party, such special knowledge, skill, experience, training, or education must be shown before the witness may testify as an expert. [¶] (b) A witness' special knowledge, skill, experience, training, or education may be shown by any otherwise admissible evidence, including his own testimony."

10

*supra*, 234 Cal.App.4th at p. 52 ["[w]e are not required to examine undeveloped claims or to supply arguments for the litigants"].) It also does not suffice to defeat the presumption that the trial court's decision was correct. (*Foust*, *supra*, 198 Cal.App.4th at p. 187.)

Likewise, Plaintiffs assert that Dr. Dodge's testimony was based entirely upon his out of court review of Plaintiffs' medical records, which Plaintiffs contend violated *Sanchez*, *supra*, 63 Cal.4th 665. The *Sanchez* court adopted the rule that "When any expert relates to the jury case-specific out-of-court statements, and treats the content of those statements as true and accurate to support the expert's opinion, the statements are hearsay." (*Sanchez*, *supra*, 63 Cal.4th at p. 686.) The fundamental concern underscoring this rule was that admission of expert testimony in state prosecutions must comply with the Sixth Amendment's confrontation clause, "which provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.' " (*Sanchez*, at p. 679.) The confrontation clauses ensures that an opponent has the opportunity to cross-examine witnesses, which is vital because "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." (*Sanchez*, at 679-680.)

In *J.H. v. Superior Court* (2018) 20 Cal.App.5th 530 (*J.H.*), the Second District acknowledged that *Sanchez* has been applied outside of the criminal context—specifically, "to proceedings under the Sexually Violent Predator Act [citation], to conservatorship proceedings [citation], to the commitment of mentally disordered offenders [citation], and to public nuisance actions [citation]" (*Id.*, at p. 533.) But that district concluded that "*Sanchez*'s limitations do not render social service reports inadmissible in status review

11

hearings held pursuant to the Welfare and Institutions Code." (*Ibid*.)  In other words, *Sanchez* does not apply to all civil cases.

That is, in part, because "[a]lthough parties in civil proceedings have a right to confrontation under the due process clause, '[t]he Sixth Amendment and due process confrontation rights are not coextensive.  [Citation.]  Due process in a civil proceeding "is not measured by the rights accorded a defendant in criminal proceedings, but by the standard applicable to civil proceedings."  [Citation.]' "  (*People v. Bona* (2017) 15 Cal.App.5th 511, 520 (*Bona*).)  In the civil context, due process does not require any particular procedure, " 'only that the procedure adopted comport with fundamental principles of fairness and decency.' "  (*Ibid*.)

As previously noted, because the record offered by Plaintiffs is deficient, we cannot evaluate how the trial court applied *Sanchez* to the facts of this case in ruling on the applicable motion in limine.  Further, in violation of rule 8.204(a)(2)(C), Plaintiffs' brief did not include a recitation of all significant facts, including those supporting the judgment.  (See *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1072 [concluding an appellant forfeits its claim when it fails to summarize and discuss the record that supports the challenged decision].)  In particular, Plaintiffs omitted from their factual summary the trial court's lengthy, off the record discussion with the parties.  Therein, the court explained its view that Dr. Dodge could respond to medical testimony Plaintiffs' experts had already offered at trial regarding their examinations, as documented in the medical records, even though the records themselves had not been admitted.  This omission is significant because nowhere in Plaintiffs brief do they analyze this specific

12

procedure under *Sanchez*.[6] Nor do they offer authority supporting a conclusion that the trial court abused its discretion in employing this procedure. It is not this court's responsibility to affirmatively develop legal arguments for the parties (*Supervalu, Inc. v. Wexford Underwriting Managers, Inc.* (2009) 175 Cal.App.4th 64, 80), and we decline to do so here.

For the foregoing reasons, we conclude Plaintiffs forfeited these arguments on appeal.

## III.

### *Plaintiffs Forfeited Their Contention Regarding Dr. Jain's Testimony*

Plaintiffs argue that the trial court abused its discretion in excluding Dr. Jain, Plaintiffs' causation expert, from presenting expert testimony regarding causation on the grounds that his expected testimony would be

---

[6] Although we do not decide *Sanchez's* applicability to the case at hand, we are not convinced it would bar the procedure authorized by the trial court. *Sanchez* appears to acknowledge that hearsay testimony about case-specific facts is not necessarily offered for its truth where "other evidence of the case-specific facts" has been admitted (*Sanchez, supra*, 63 Cal.4th at p. 684), as it was in this case via Dr. Brizzie and Dr. Jain. Further, to the extent *Sanchez* is concerned about the right to cross-examine witnesses and challenge the truth of the evidence and the credibility of the witness, Plaintiffs obviously examined at trial their own medical experts—Dr. Brizzie and Dr. Jain—who created the records. Finally, to the extent *Sanchez* can be read as requiring that Dr. Dodge should only have been allowed to "assume [the] truth [of the medical evidence offered by Dr. Brizzie and Dr. Jain] in a properly worded hypothetical question in the traditional manner," Plaintiffs forfeited this argument by not objecting on this basis at trial. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [If an objection could have been made in the trial court, but was not, the reviewing court will not ordinarily consider a challenge to the trial court's ruling]; *People v. Davis* (2008) 168 Cal.App.4th 617, 627 [timely and specific objection generally required]; Evid. Code, § 353, subd. (a).) They also did not raise that argument on appeal. Thus, it is not clear that the procedure employed by the trial court failed to " 'comport with fundamental principles of fairness and decency.' " (*Bona, supra*, 15 Cal.App.5th at p. 520.)

13

cumulative of Dr. Brizzie's. As an initial matter, we are troubled that Plaintiffs' opening brief gives the impression that the trial court completely precluded Dr. Jain from testifying, when in fact, the reporter's transcript included in the record contains 23 pages of testimony by Dr. Jain. They also do not explain that they presented Dr. Jain as an independent medical expert on the issue of the reasonableness and necessity of the medical treatment provided, in addition to causation. Thus, Plaintiffs' argument on this point is once again misleading and lacking a sufficient factual foundation. It also is totally devoid of legal argument or authority. For these reasons, we conclude it too is forfeited.

Even if Plaintiffs' assertion was not forfeited, Plaintiffs have not met their burden of showing the trial court abused its discretion. Under Evidence Code section 352, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (*Ibid*.) "We review a trial court's ruling under Evidence Code section 352 for an abuse of discretion." (*People v. Clark* (2011) 52 Cal.4th 856, 893; *People v. Robinson* (2020) 47 Cal.App.5th 1027, 1032.)

Plaintiffs submit that Dr. Jain's testimony was not cumulative of Dr. Brizzie's because Dr. Jain was retained to provide forensic medical testimony while Dr. Brizzie was a non-retained treating physician. On the stand, Dr. Brizzie described the appointments he had with each Plaintiff, his findings, and what tests or procedures he ordered as a result. He then opined, "To my knowledge, [Estevez] was asymptomatic or was not having pain prior to this accident. Upon my examination and from his history, it appears everything was related to this accident." Dr. Brizzie also said it was

14

"more probable than not" that Estevez's cyst was aggravated by the car accident. With regard to Bringas, Dr. Brizzie said, "So the diagnoses I just reviewed were all related to this accident. She did not report any history of pain or injuries to these regions."

Prior to Dr. Jain's testimony, counsel had a long discussion with the court about the parameters for his testimony.[7] Plaintiffs' counsel made an offer of proof that he would "give a helicopter's perspective of the reasonableness and . . . necessity of the treatment and the billing, and the connection between the accident and the injury." Adams's counsel objected that asking more questions about the Plaintiffs' treatment, care, and MRI results would be cumulative, but indicated she did not object to Dr. Jain testifying regarding the reasonableness and necessity of the treatment. The court agreed that it would be cumulative to hear more testimony that "goes exactly over the treatment that Dr. Brizzie just did day by day." Adams's counsel also expressed concern that Plaintiffs "already had an expert say the accident caused these injuries, so it would be duplicative to have another expert say the same thing" to which Plaintiffs' counsel responded, "True."

Ultimately, the court concluded, "We want to avoid cumulative [evidence]. It sounds like the area of his expertise is reasonableness and necessity. So that's where we will keep Dr. Jain's testimony, understanding he is going to have to explain what he understands the medical issues to be." Plaintiffs' counsel responded, "As long as he can do that, I'm fine with it."

Dr. Jain then took the stand to opine that "[a]ll of the medical care received was medically reasonable and indicated per the injuries sustained for both of them." He further opined that Estevez would need future surgery

---

[7]    Plaintiffs provide only a partial factual summary of this conference.

to relieve the spinal compression caused by the cyst and offered an estimate of the cost of the procedure and follow-up care.

Plaintiffs have not made clear how the court abused its discretion. Plaintiffs were afforded the opportunity to call Dr. Jain to offer testimony as to the reasonableness and necessity of the treatment provided. Counsel acknowledged that Dr. Brizzie had already opined that the accident caused the injuries. And, after the court explained that it wished to avoid cumulative evidence and would therefore limit Dr. Jain to testifying about reasonableness and necessity, Plaintiffs' counsel said he would be "fine with it" because the court indicated Dr. Jain could also "explain what he underst[ood] the medical issues to be." Because Plaintiffs have not shown that the trial court acted arbitrarily, capriciously, or in a patently absurd manner, we conclude there is no basis for disturbing the trial court's exercise of its discretion. (*People v. Williams* (2008) 43 Cal.4th 584, 634-635.)

Furthermore, even assuming the court erred, Plaintiffs' claims of prejudice, without explanation of *how* they were prejudiced, do not suffice to support reversal. (See Cal. Const., art. VI, § 13 [stating that, even where a trial court improperly excludes evidence, the error does not require reversal of the judgment unless the error resulted in a miscarriage of justice]; *People v. Cahill* (1993) 5 Cal.4th 478, 487-488 [confirming that article VI, section 13, sets forth the prejudicial error standard under California law for errors in excluding evidence].) Plaintiffs do not explain what other evidence Dr. Jain would have offered as to causation. He acknowledged that, like Dr. Brizzie, he did not review any objective medical evidence demonstrating that Plaintiffs had any neck or back issues prior to the accident or showing the pre-accident size of Estevez's cyst. Both physicians relied on Plaintiffs' subjective reports that their pain did not predate the accident. Thus, had Dr.

Jain opined as to causation, it would have been based on the same subjective reports. "[E]vidence ' "identical in subject matter to other evidence should not be excluded as "cumulative" when it has greater evidentiary weight or probative value" ' " (*People v. Nieves* (2021) 11 Cal.5th 404, 470), but that is not the case here. Given that Dr. Jain conducted *fewer* examinations of Plaintiffs than Dr. Brizzie, the opposite is true—his opinion as to causation would have been of less probative value. Accordingly, Plaintiffs have not demonstrated prejudice.

IV.

*Plaintiffs Forfeited Their Claim of Error Regarding the Trial Court's Denial of Their Motion for a New Trial*

Adams states that Plaintiffs did not include any arguments of error as to the ruling on Plaintiffs' motion for a new trial but this is not entirely accurate. Plaintiffs cite to *Holmes v. Southern Cal. Edison Co.* (1947) 78 Cal.App.2d 43, 51, *Neal v. Farmers Ins. Exch.* (1978) 21 Cal.3d 910, 933, and *Green v. Soule* (1904) 145 Cal. 96, 102, in arguing that the trial court must sit as a thirteenth juror when ruling on a motion for a new trial and evaluate the evidence as a whole. Because Plaintiffs assert that experts for both parties opined that it was reasonable for Plaintiffs to visit the emergency room and follow up with a couple of doctor visits and some physical therapy sessions, Plaintiffs argue that "[a] jury acting reasonably, and evaluating only the evidence presented at trial could have reasonably found no way other than that the accident was a substantial factor in causing *some* economic damages." Accordingly, Plaintiffs contend the trial court abused its discretion in failing to act as a thirteenth juror and grant the motion for a new trial.

As an initial matter, the cited portions of the cases relied upon by Plaintiffs establish only the duty of the trial court in ruling on such a motion;

17

they do not address the standard of review on appeal of an order denying a motion for a new trial. As explained above, failure to support a point of error with reasoned argument and citations to authority forfeits the point. (*Allen*, *supra*, 234 Cal.App.4th at p. 52.)

It is further an appellant's burden to provide an adequate record on appeal (*Maria P.*, *supra*, 43 Cal.3d at p. 1295), and Plaintiffs' motion for a new trial is not included in the record. While the trial court's order on the motion is included, it does not shed significant light on Plaintiffs' arguments because, after reciting the seven possible bases for seeking a new trial under Code of Civil Procedure section 657, the court notes, "the motion is not entirely clear which subsection of CCP [section] 657 Plaintiffs rely upon."

Moreover, it bears repeating that Plaintiffs omitted from their opening brief significant facts supporting the judgment, such as that all the doctors were forced to rely solely on Plaintiffs' subjective reports that they did not have pain or injuries before the accident. Plaintiffs also did not mention that they told Adams they were "fine" following the accident, that Estevez testified that they went to the emergency room just to get their daughter examined, or that neither Estevez nor Bringas saw a doctor until six days after the accident after having met with an attorney. A jury deciding whether an accident was the proximate cause of injuries is entitled to find a party not credible, and these facts support the jury's and the trial court's conclusions. Thus, we highlight again that providing only a one-sided record warrants resolving the issue against Plaintiffs. (*Uniroyal Chemical*, *supra*, 203 Cal.App.3d at p. 302; *Foust*, *supra*, 198 Cal.App.4th at p. 187.)

We note a few final points. First, although Plaintiffs clearly find this precedent a source of great consternation, "[s]tipulations of liability do not

18

automatically entitle plaintiffs to damages."[8] (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 453.) Second, Plaintiffs attempt to use Dr. Dodge as both a sword and a shield. They claim he should not have been allowed to testify regarding *any* case-specific facts in the record. But, having done so, they attempt to use testimony they view as favorable to their position as a justification warranting a new trial. Finally, having concluded that Plaintiffs forfeited all their other arguments, we do not find it appropriate to nonetheless engage in a review of the entire record in order to review the trial court's ruling on the motion for a new trial.

Accordingly, we conclude Plaintiffs forfeited this contention on appeal as well.

## DISPOSITION

The judgment is affirmed. Adams is entitled to her costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:

BUCHANAN, J.

RUBIN, J.

---

[8] Further, as the trial court aptly noted, "The court agrees with [Adams] that Plaintiffs are conflating the issues of reasonableness and causation. The issue for the jury was not whether it was reasonable for Plaintiffs to receive medical care. Instead, the question was whether the accident necessitated that medical treatment."

19